<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENT BELL, | Civil Action No. 14-5874 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| DANIELLE MCCAIN, | |
| Defendants. | |

**APPEARANCES**:

    KENT BELL, #400243E
    South Woods State Prison
    215 Burlington Road
    Bridgeton, NJ  08302
    Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

    Kent Bell, a sentenced prisoner who is confined at South Woods State Prison in New Jersey, seeks to file a Complaint asserting claims under 42 U.S.C. § 1983 against Danielle McCain without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint with prejudice.

## I.  BACKGROUND

    Kent Bell brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against Danielle McCain, who is allegedly "responsible for [his] wrongful conviction and incarceration[.]" (Complaint, ECF No. 1 at 4.) He asserts the following facts in the body of the form Complaint:

> Danielle McCain violated my rights by filing a false report of sexual touching of her daughter Kenya Gordon on March of 2001 in Teaneck, NJ which led to my arrest and conviction and incarceration, in Bergen County, NJ[,] on August 4[,] 2011.

(Complaint, ECF No. 1 at 5.)

Plaintiff seeks the following relief: "Find a judgment of wrongdoing and guilt and compensate plaintiff, victim Kent Bell with monetary relief." (ECF No. 1 at 6.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis*.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

2

*Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

3

be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Bell's federal claims against Danielle McCain fail because McCain was not acting under color of state law when she filed an allegedly false report with the police accusing Bell of a crime. "Although a [person] may cause a deprivation of . . . a right, [she] may be subjected to liability under § 1983 only when [she] does so under color of law."  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).   State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).   A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state."  *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  Plaintiff's claim against Danielle McCain fails because a private person's allegedly false statements to the police or in a criminal proceeding are not, without more, state action under § 1983.  *See Briscoe v. LaHue*, 460 U.S. 325, 329-330 (1983); *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir. 1989); *Cahill ex rel. L.C. v. Live Nation,* 512 F.App'x 227, 230-33 (3d Cir. 2013).  Under these circumstances, Plaintiff's § 1983 claim against Danielle will be dismissed for failure to state a claim upon which relief may be granted.[3]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] This Court will not grant leave to amend the Complaint because amendment would be futile.

## I.  CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: 10/09/14